UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SAMUEL K. GALBRAITH** : | **CIVIL ACTION NO. 13-cv-2583** |
| **LA. DOC #422350** | **SECTION P** |
| **VSERSUS** : | **JUDGE MINALDI** |
| **WARDEN HOWARD PRINCE** : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

On August 29, 2013, *pro se* petitioner Samuel K. Galbraith filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.  Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC).  He is incarcerated at the Elayn Hunt Correctional Center, St. Gabriel, Louisiana.

Petitioner attacks his 2000 conviction for manslaughter and attempted aggravated rape and the seventy-one year sentence imposed by the Thirtieth Judicial District Court, State of Louisiana, Parish of Vernon.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.  For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time barred by the provisions of 28 U.S.C. §2244(d).

*Background*

On February 3, 2000, petitioner pled guilty to manslaughter and attempted aggravated rape and, in accordance with the plea agreement, he was sentenced to serve seventy-one years at hard labor.  Doc. 1, att. 1, p. 2.

Petitioner did not appeal his conviction and sentence. On March 19, 2012, he filed an application for post-conviction relief in the state district court which was denied as time-barred on September 21, 2012. Doc. 1, att.1, pp. 1-3. On November 30, 2012, petitioner sought review of that judgment by filing an application for supervisory writs in the Third Circuit Court of Appeals. The writ was denied on January 18, 2013. Doc. 1, att. 1, p. 4. Petitioner then sought an application for writs in the Louisiana Supreme Court. His writ application was denied on July 31, 2013. Doc. 1, att. 1, p. 5.

He filed the instant petition on August 29, 2013.

*Law and Analysis*

1. *Timeliness under § 2244(d)(1)(A)*

This petition was filed after the April 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the timeliness provisions of AEDPA. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir.1999).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of an application for writ of *habeas corpus* by a person in custody pursuant to the judgment of a state court. This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. §2244(d)(1)(A).

However, §2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review … is pending in shall not be counted toward any period of limitation under this section." *See also Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir.1999). Any lapse of time before the proper filing of an application for post-conviction relief in state court is however counted against the one-year limitation period. *Villegas,* 184 F.3d 467,

citing *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326, 329 (5th Cir.1999).

Since petitioner did not appeal his conviction and sentence, his judgment of conviction and sentence "became final by ... the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner pled guilty and was sentenced on February 3, 2000. Under the provisions of La. Code. Crim. Proc. Ann. art. 914, petitioner had a period of 30 days or until March 3, 2000, within which to file a motion for an appeal.[3] Since petitioner's judgment of conviction and sentence became final on or about March 3, 2000, he had one year under the AEDPA or until on or about March 3, 2001 to file his federal *habeas corpus* petition.

However, petitioner waited approximately 10 years before filing for post-conviction relief. Since more than one year, elapsed un-tolled, between the date his judgment of conviction became final and the date he filed his petition for *habeas corpus* the petition is time-barred by the provisions of 28 U.S.C. § 2244(d).

2. *Timeliness under § 2244(d)(1)(D)*

Here, petitioner seeks to extend his prescriptive period by maintaining that he is entitled to have the limitations period begin to run from the date that he discovered exculpatory evidence that was not in his trial attorney's file and that had not been seen by either petitioner or his former attorney. Doc. 1, pp. 12-13. Specifically, he states that he hired an attorney to review his trial attorney's file as well as the district attorney's file. *Id.* Petitioner claims that his new attorney found three pieces of evidence that had never been seen before. *Id.* He claims that he received copies of the evidence in July of 2011 and filed his post-conviction motion thereafter. *Id.*

---

[3] La. Code. Crim. Proc. Ann. art. 914(B)(1) provides, "[t]he motion for an appeal must be made no later than: [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken."

Petitioner made this same argument to the state district court when applying for post-conviction relief.  In ruling on petitioner's motion, the district court stated, "the Brady evidence that he claims is newly discovered and known to him and/or his counsel is not new.  His counsel, through pleadings filed and pre-trial rulings of this Court, were aware of the witness statements of Mr. Burton.  There simply was a difference of opinion between defense counsel and the Court as to whether it was Brady material.  Counsel was allowed the opportunity to copy all such material." Doc. 1, att. 1, p. 2-3.

Petitioner argues that he discovered this new evidence in July 2011, when he received copies of same from the attorney that reviewed the files, and that the limitations period should run from that date.  However, the limitations period does not start on the date petitioner discovered the factual predicate of his claim but rather from the date it "could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  Section 2244(d)(1)(D) "does not convey a statutory right to an extended delay … while a habeas petitioner gathers every possible scrap of evidence that might ... support his claim." *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998).

Petitioner waited over ten years before seeking the district attorney's files.  Clearly, this does not exemplify due diligence on his part.  Had he exercised due diligence, he could have discovered the documents in question years ago.  Accordingly, his petition is time-barred and, absent equitable tolling, dismissal of this matter on that basis is recommended.

### 3. *Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled.  *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively

misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir.1996). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006). As noted by the Supreme Court, "[t]o be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Petitioner does not allege any facts that support a finding of equitable tolling. He has not alleged that he was actively misled nor has he alleged that he was prevented in some extraordinary way from asserting his rights. Equitable tolling does not apply.

*Conclusion*

In the absence of any evidence warranting statutory or equitable tolling, the court finds that petitioner's *habeas* petition is time-barred by 28 U.S.C. § 2244(d)(1)(A), and should be dismissed with prejudice.

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 12th day of June, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE